NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000376
27-SEP-2011
08:18 AM

NO. CAAP-11-0000376

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ALLEN VIDAL, Claimant/Appellant/Appellant,
v.
STATE OF HAWAIʻI, DEPARTMENT OF TRANSPORTATION,
Employer/Appellee/Appellee
and
SPECIAL COMPENSATION FUND, Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2009-036 (2004-41062))


ORDER GRANTING THE AUGUST 25, 2011 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of (1) the August 25, 2011 motion by

Employer/Appellee/Appellee State of Hawaiʻi Department of

Transportation (Appellee State Department of Transportation) to

dismiss this appeal for lack of appellate jurisdiction, (2) the

lack of any memorandum by Claimant/Appellant/Appellant Alan Vidal

(Appellant Vidal) in opposition to Appellee State Department of

Transportation's August 25, 2011 motion to dismiss this appeal for lack of appellate jurisdiction; and (3) the record, it appears that Appellee State Department of Transportation's August 25, 2011 motion to dismiss this appeal for lack of appellate jurisdiction has merit, because Appellant Vidal is appealing from an April 27, 2011 interlocutory order by the Labor and Industrial Relations Appeals Board (the LIRAB)[1] that does not adjudicate and end the proceedings in the administrative appeal for Appellant Vidal's workers' compensation claims that is still pending before the LIRAB in Case No. AB 2009-036.

Pursuant to Hawaii Revised Statutes (HRS) § 386-88 (Supp. 2010)[2] and HRS § 91-14(a) (1993 & Supp. 2010),[3] an aggrieved party may appeal a final decision and order by the LIRAB directly to the intermediate court of appeals:

---

[1] On April 27, 2011, the Labor and Industrial Relations Appeals Board (the LIRAB) was composed of Chairperson Roland Q.F. Thom, Member Melanie S. Matsui, and Member David A. Pendleton.

[2] "The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89, unless within thirty days after mailing of a certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board." HRS § 386-88 (Supp. 2010) (in relevant part).

[3] HRS § 91-14(a) (1993 & Supp. 2010) provides:

§ 91-14. Judicial review of contested cases.

(a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter; but nothing in this section shall be deemed to prevent resort to other means of review, redress, relief, or trial de novo, including the right of trial by jury, provided by law. Notwithstanding any other provision of this chapter to the contrary, for the purposes of this section, the term "person aggrieved" shall include an agency that is a party to a contested case proceeding before that agency or another agency.

> The appeal of a decision or order of the LIRAB is governed by HRS § 91-14(a), the statute authorizing appeals in administrative agency cases. HRS § 91-14(a) authorizes judicial review of a final decision and order in a contested case or a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief. For purposes of HRS § 91-14(a), we have defined "final order" to mean an order ending the proceedings, leaving nothing further to be accomplished.

Bocalbos v. Kapiolani Medical Center for Women and Children, 89 Hawai'i 436, 439, 974 P.2d 1026, 1029 (1999) (citation and some internal quotation marks omitted). Appellant Vidal is appealing from the LIRAB's April 27, 2011 "Order Denying Motion" (the April 27, 2011 interlocutory order denying Appellant Vidal's March 8, 2011 motion), which denied Appellant Vidal's March 8, 2011 "MOTION FOR HEARING TO INTRODUCE THE U.S. CONSTITUTION ARTICLE 1 SECTION 9 NO BILL OF ATTAINDER INTER ALIA TO SUPPORT THE DISPARATE TREATMENT OF A STATE EMPLOYEE APPLYING FOR WORKERS [sic] COMPENSATION DENIED BY NON PARTICULAR USE OF HRS 386-79. INAPROPERATE [sic] USE, NOT PRECISE, NOT IN PARTICULAR AND LACKING DUE PROCESS." The April 27, 2011 interlocutory order denying Appellant Vidal's March 8, 2011 motion did not end the proceedings before the LIRAB, and it did not leave nothing further to be accomplished. According to the record on appeal, the LIRAB has yet to enter a final order that adjudicates the substantive issues that the LIRAB will adjudicate in Appellant Vidal's appeal before the LIRAB. Therefore, the April 27, 2011 interlocutory order denying Appellant Vidal's March 8, 2011 motion is not and appealable order under HRS § 386-88 and HRS § 91-14(a). Although exceptions to the final order requirement exist under the Forgay v. Conrad, 47 U.S. 201 (1848), doctrine

(the <u>Forgay</u> doctrine) and the collateral order doctrine, the April 27, 2011 interlocutory order denying Appellant Vidal's March 8, 2011 motion does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine or the collateral order doctrine. <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine). Absent an appealable decision and order by the LIRAB, we lack jurisdiction over this appeal. Accordingly,

IT IS HEREBY ORDERED that Appellee State Department of Transportation's August 25, 2011 motion to dismiss this appeal for lack of appellate jurisdiction is granted, and this appeal is dismissed.

DATED: Honolulu, Hawai'i, September 27, 2011.

Chief Judge

Associate Judge

Associate Judge